**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HARDEES RESTAURANTS LLC,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Case No: 6:26-cv-978-PGB-DCI**

**ARBOR CAPITAL PARTNERS,
LLC, GERGES GERGES,
EDWARD GERGES, AIHAB
GERGES and ACP
RESTAURANT MANAGEMENT,
INC.,**

       **Defendants.**
_____/

## <u>ORDER</u>

This cause comes before the Court on a *sua sponte* review of the file. For the reasons set forth below, Plaintiff Hardees Restaurants LLC's ("**Plaintiff**") Complaint (Doc. 1 (the "**Complaint**")) is dismissed without prejudice as a shotgun pleading.

## I.    BACKGROUND

On October 2, 2025, Plaintiff initiated this suit by filing the Complaint (Doc. 1 (the "**Complaint**")) against Defendants Arbor Capital Partners, LLC ("**ACP**"), Gerges Gerges ("**G. Gerges**"), Edward Gerges ("**E. Gerges**"), Aihab Gerges ("**A. Gerges**"), and ACP Restaurant Management, Inc. ("**ACPRM**") (collectively, the "**Defendants**") in the United States District Court for the Middle District of Tennessee.

In the Complaint, Plaintiff avers that it entered a franchise agreement with ACP and that G. Gerges, E. Gerges, A. Gerges (collectively, the "**Gerges**"), and ACPRM each signed an agreement to personally guarantee all of ACP's obligations under the franchise agreement. (*Id.* ¶¶ 15–16). Plaintiff further avers that it entered a sublease agreement with ACP and that the Gerges each signed an agreement to personally guarantee all of ACP's obligations under the sublease agreement. (*Id.* ¶¶ 25–26). Plaintiff alleges that both the franchise agreement and sublease agreement were breached by Defendants. (*E.g.*, *id.* ¶ 1). Accordingly, Plaintiff brings two causes of action, one for breach of the franchise agreement (Count I) and one for breach of the sublease agreement (Count II). (*Id.* ¶¶ 50–62). Ultimately, on May 5, 2026, the case was transferred to the instant District and was assigned to the undersigned Judge.

## II.   STANDARD OF REVIEW

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir.

2018) (per curiam)[1] (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## III.   DISCUSSION

Put simply, Plaintiff's Complaint falls within the first category of shotgun pleadings identified by *Weiland*. *See id.* at 1321–23. Specifically, the first paragraph of Count II incorporates all preceding paragraphs. (Doc. 1, ¶ 56). Plaintiff's adoption of all preceding paragraphs at the start of this count folds in

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

the previous count's allegations, making the Complaint a textbook example of the first category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. Instead, Plaintiff must specifically identify only those paragraphs relevant to the claim at issue. Consequently, the Court *sua sponte* dismisses Plaintiff's Complaint as a shotgun pleading with repleader necessary to cure this defect.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**; and

2.   On or before **June 9, 2026**, Plaintiff may file an amended complaint consistent with the directives of this Order. Failure to timely file an amended complaint may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on May 26, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4